## FRANCIS B. HALL v. SYLVESTER C. EATON.

If the wife contract a debt before marriage and, after marriage, pay the same out of funds derived from her own separate property, and the husband do not disaffirm the contract within a reasonable time, he will be bound by it.

The action of book account is not the appropriate remedy to recover money paid under such circumstances.

THIS was an action of book account.

Judgment to account having been rendered by the county court, an auditor was appointed, who afterwards reported a balance of $62,87, due from the defendant to the plaintiff. The auditor further reported the following facts, in relation to an item of $25,00, charged in the defendant's account, in 1836, which the auditor disallowed.

The plaintiff, previous to the marriage of the defendant to his wife, (who is the sister of the plaintiff) rendered services for her to the value of $25. About a month before the marriage she offered him $25 in payment for those services. He then declined receiving the money on the ground that he did not wish to take it of her. Shortly after the marriage she renewed the offer of payment, handed him the money, and he, after expressing to her a doubt whether the defendant would like it, and after her reply, " that it was her money and it was a matter that did not concern the defendant," ac-

cepted and received the money in payment for the services before mentioned.

If the court should be of the opinion, from the above facts, that the money thus paid should be allowed to the defendant, then the auditor found $33,65, due from the defendant to the plaintiff.

Hall
*v.*
Eaton.

The county court decided that the defendant was not entitled to an allowance for such money and accepted the report of the auditor ; to which the defendant excepted.

*A. Spalding,* for defendant, in support of the exceptions, cited 1 Swift's Dig. 18, 30, 439. Reeve's Dom. Rel. 1.
—————————, for plaintiff.

The opinion of the court was delivered by

REDFIELD, J.—In this case the defendant seeks to recover in the action of book account, for money, which his wife paid, out of what were her own funds, (before marriage) on a debt which she contracted while sole. The money was paid many years before the trial, and there was no evidence from the report of the auditor, that the payment was ever disaffirmed by defendant until that time. Such a long acquiescence should undoubtedly bind the defendant, unless the fact of payment by the wife was kept from his knowledge, which does not appear, and which will not be presumed. The debts of the wife contracted before marriage, upon that event, became the debts of the husband, and the money, which was paid the plaintiff, was the very money which should have gone to liquidate this obligation. No doubt the defendant might have disaffirmed any payment made by the wife after marriage, without his knowledge ; and, by so doing in a reasonable time, might have sustained general assumpsit for the money. But in that case, even, the defendant's claim would have been one of strict law, and one which a court of equity, upon the suggestion of the defendant's insolvency, would enjoin, until the plaintiff could perfect his claim, by recovering judgment against defendant and wife and then decree an offset.

Under these circumstances, even if the facts in the case did not show a presumptive acquiescence in the payment on the part of the defendant, we should hardly feel called upon to

Washington, *March*, 1840.

Hall
*v.*
Eaton.

extend this action beyond its present overstrained limits, in order to enable the defendant to recover money, which in equity and good conscience he ought not to recover in any form of action, and which, at the time of its receipt or delivery, was never expected in any event to form the subject of a claim on book.

There are a great variety of cases, where this action has been extended far beyond its original limits. 1. Where the articles charged were delivered originally to be accounted for in a particular manner and where they might well have been expected to be charged at the time of delivery. *Hall & Chase v. Peck*, 10 Vt. R. 474. *Whiting* v. *Corwin*, 5 do. 451. 2. Where from the course of dealing between the parties it might be presumed to have been their intention that the subject should be so adjusted. *Fassett*, v. *Vincent*, 8 Vt. R. 73. *Farrand* v. *Gage*, 3 Vt. R. 326. *Chase* v. *Berry*, do. 332. 3. Where the plaintiff has been induced to accept that in payment, which is no payment, and that by the misrepresentation of the defendant. *Gilman* v. *Peck*, 11 Vt. R.516. But neither of these classes of cases affords any precedent for the present case; and the court do not feel inclined to extend the limits of this action, unless it be for equitable purposes.

Judgment affirmed.